Filed 4/27/22  P. v. Delgado CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C094001 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F01402) |
| v. | |
| FRANCISCO DELGADO, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In 2012, a jury found defendant Francisco Delgado guilty of three counts of first degree murder and found true the special circumstances of discharging a firearm from a motor vehicle, and multiple murders.  Defendant appeals the denial of his petition for resentencing pursuant to Penal Code section 1170.95.  (Statutory section citations that follow are to the Penal Code.)  His attorney filed a brief stating the facts of the case and asking this court to review the record to determine whether there are any arguable issues

1

on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant did not file a supplemental brief.

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant and his codefendant Saul Isidro-Ausencio murdered three teenagers in a drive-by shooting. (*People v. Delgado et al.* (March 17, 2016, C071439) [nonpub. opn.] (*Delgado*)); upon defendant's motion we incorporate this case by reference.) On the day of the murders, three men beat up Isidro-Ausencio at the entrance gate to an apartment complex where Isidro-Ausencio and defendant lived. (*Ibid.*) Isidro-Ausencio got up from the ground and ran into his apartment. (*Ibid.*) He returned immediately with a rifle and fired three or four shots at the fleeing sport-utility vehicle containing the men who beat him. (*Ibid.*) Defendant and Isidro-Ausencio then jumped into a car and chased the SUV but lost the assailants on the freeway. (*Ibid.*) Defendant took over driving because Isidro-Ausencio was very angry and drove to the area where they murdered the three teenagers. (*Ibid.*) Isidro-Ausencio fired three or four shots at the victims and killed them. (*Ibid.*) When he was arrested, defendant confessed to what happened that day and his role in the murders. (*Ibid.*)

The jury found defendant guilty of three counts of first degree murder. (§ 187, subd (a).) (*Delgado*, *supra*, C071439.) It found true the special circumstance allegations the murders were multiple murders, and intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person and persons outside of the vehicle with the intent to inflict death. (§ 190.2, subd. (a)(3), (21).) (*Delgado*, *supra*, C071439.) The trial court sentenced defendant to three consecutive terms of life without the possibility of parole. (*Ibid.*) We affirmed his conviction on direct appeal. (*Ibid.*)

After the passage of Senate Bill No. 1437 (2017-2018 Reg. Sess.), defendant sought resentencing under section 1170.95. The trial court appointed counsel and

directed the parties to brief whether defendant's petition should be denied because the jury found the special circumstances true. After briefing, the trial court found defendant failed to state a prima facie case he was convicted under the felony-murder rule or the natural and probable circumstances doctrine and denied the petition.

Defendant appeals from the trial court's order denying his petition for resentencing.

Appointed counsel for defendant asked this court to independently review the record pursuant to *Wende*. Defendant was advised by counsel of the right to file a supplemental brief within 30 days. Defendant has not filed a supplemental brief.

## DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.)

California's "*Wende* procedure" does not apply to appeals such as this one which is from a denial of postconviction relief. (*People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; *People v. Flores* (2020) 54 Cal.App.5th 266, 268; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted Oct. 14, 2020, S264278.) This is so because this is not defendant's first appeal as of right. (See *In re Sade C.* (1996) 13 Cal.4th 952, 986 [*Wende/Anders* review "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right"].)

We thus have before us a "standard" appeal from an order denying postconviction relief in which defendant, through counsel, has stated that there are no issues that properly can be raised on appeal. Under these circumstances, we consider the appeal abandoned and order the appeal dismissed.

The question whether, and to what extent, these "*Wende* procedures" extend to appeals such as this one from orders denying postconviction relief is currently pending before our Supreme Court.  (See *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.)  Until the court has provided an answer, appeals such as the one presently before us are considered abandoned and we order them dismissed.

DISPOSITION

The appeal is dismissed.

_____
HULL, Acting P. J.

We concur:


_____
DUARTE, J.


_____
EARL, J.

4